OPINION OF THE COURT — by the
Hon. GEO. WINCHESTER.
Samuel Cabin by a deed of gift conveyed seven negroes with the increase of the females “ to Peter Chambless senior, in trust only for Peter Chambless, John Chambless and Elizabeth Chambless,” children of said Peter Chambless senior, and nephew, and the niece of said Samuel Cabin and for'their only proper use and benefit and to them and their heirs forever.” John H. Shanks,, the complainant married the said Elizabeth Chambless, who afterwards died before she had attained the age of eighteen — and the said Shanks claims a decree under the right acquired by his marriage, of an equal share in the seven negroes and their increase. The deed directs that at the period when the boys attain the age of twenty one and the girl the age of eighteen, said Peter Chambless shall divide equally among the said children, Peter Chambless, John Chambless and Elizabeth Chambless the survivor or survivors of them, the aforesaid property share and share alike, together with all the increase of the female slaves.”
The deed expresses it to be the donor’s intention that all the before mentioned negroes, should be the indisputable right of them the said children named Peter Chambless, John Chambless and Elizabeth Chambless. It is contended for the complainant, that the three children upon the execution of the deed acquired an absolute, unconditional, vested interest, as tenants in common, and not as joint tenants, and that there could be no survivorship among them. Second: That the interest being a title in specific and tangible property, and not a bare claim for a debt or demand, is not embraced in the definition of a chose in action, and therefore it is not necessary that the husband should reduce the property to actual pos *250 session during the coverture, to vest in him a right to the property. Third, •■that the possession of the trustee is the possession of the cestu qui trust and therefore, if such property come within the definition of a chose in action, the possession ofPeter Chambless, as trustee, was the possession of the complainant after coverture. In reply it is said, that although the interest be a tenancy in common and not a joint tenancy, yet the survivorship being grafted, upon the tenancy in common, may take effect.
Second. That the other contingent limitations in the deed shew clearly, that an immediately vested, unconditional and absolute interest was not intended. Thirdly. It is insisted that this is a chose in action, not reduced to possession during the coverture, and that no title vested in the husband which would survive after death of the wife, as the question is between the husband claiming by marital right, and the two brothers claiming as survivors. Without examining or deciding upon all the points which the learning, research and ingenuity of counsel have started, I shall deem it sufficient to decide it upon the point, whether the two brothers are entitled as survivors of their sister — as against the complainant. The right was a chose in action, and not being reduced to possession during coverture, does not survive to the husband. But I am of opinion that an absolute interest as tenants in common, did not vest in any of the ces-tui qui trusts, by the deed, until such time as the deed directed, a division should be made viz. upon their arriving of age.
Prior to that time it was a conditional or contingent interest, ending in the event of the death of either before arriving at the age of majority and vesting in the survivors, and in the event of the death of all before their arrival at full age, vesting a life estate in Peter Chambless senior, if he survived, and in the event of his death, a limitation over of the reversiona-ry interest in the donor..
The rule extracted from all the authorities referred to, upon the construction of wills containing such words as are in this deed, is, that, aL though they create a tenancy in common, effect shall be given to the words of survivorship, if any time can be ascertained to which the survi-vorship shall consistently apply.
In most of the cases, the words are construed to apply to the time of the testator’s death, in order to prevent a lapse, but such could not be the in *251 tention of the donor, as there could be no lapse upon a deed of trust. The words of survivorship are clearly and explicitly referred to the time of division, or the arrival of the age of twenty one on the part of the boys, and of eighteen on the part of the girl. Before this period, their interest was contingent, afterwards it became absolute and unconditional. In Roper on legacies, page 279 of vol. 2d. the author observes, that the operation of a bequest, to.“survivors”grafted upon a tenancy in common,¡will not be confined to the period of the testator’s death, if it can be further extended with propriety; therefore in the following cases, such bequest to survivors, from tthe particular construction of each will, was considered efficient during the minority of the legatees, as they were not entitled to the benefit of the provisions before the age of twenty one.
D. S. & R. J. Walker for complainant.
Robert H. Adams for defendants.
The cases cited are Haws vs. Haws 1. Vesey 13, and Mends vs. Mends 3. Atkins 619. which fully sustain the rule, that although a tenancy in common be created, yet if it be apparent, the donor or testator, intended a survivorship upon the death of one of the tenants-happening before they were to receive the absolute and entire interest and control of the property given, then the intention shall be effectuated and ' the property divided among the survivors. I am of opinion therefore that the decree of the chancellor be affirmed.